## IN THE COURT OF APPEALS OF IOWA

No. 19-1265
Filed September 25, 2019

**IN THE INTEREST OF C.H.,**
**Minor Child,**

**K.H., Mother,**
      Appellant.

_____

      Appeal from the Iowa District Court for Scott County, Korie Shippee, District

Associate Judge.


      A mother appeals the order terminating her parental rights.  **AFFIRMED.**



      Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant mother.

      Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal)

and Mary A. Trick, Assistant Attorneys General, for appellee State.

      Angela M. Fritz-Reyes, Davenport, attorney and guardian ad litem for minor

child.



      Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother appeals the order terminating her parental rights to C.H.[1] We affirm.

"We review proceedings terminating parental rights de novo." *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

C.H.'s older half-sibling, G.H., was born in 2015 with methamphetamine in his system, and the mother and G.H. were involved in child-in-need-of assistance (CINA) proceedings. G.H. is placed in the care of the maternal grandmother under a guardianship.

C.H. came to the attention of the department of human services (DHS) at birth in December 2016 due to the mother's long history of illegal drug use. The mother is able to maintain her sobriety while in a structured environment for a few months. The mother had entered a residential substance-abuse treatment program in November 2016. C.H. did not have any illegal substances in his system at birth but the mother admitted that she used methamphetamine early in her pregnancy. The mother relapsed in August 2017 but self-reported and reengaged in treatment. However, she struggled with maintaining sobriety.

C.H. was removed from his mother's custody in February 2018 and was adjudicated a CINA in April. The mother relapsed in the summer of 2018 and did not engage in substance-abuse or mental-health treatment after November 2018.

---

[1] The father's rights were also terminated. He does not appeal.

In a November 16, 2018 report to the court, DHS social worker Brandi Durant stated:

> [K.H.] has had DHS services in her life since February 2015. She has attended treatment multiple times, and has completed substance abuse treatment successfully in the past. [K.H.] knows what her recovery plan is, and what she needs to do to become and remain clean and sober. She has been unable to do so for more than a few months at a time for the last [three and one-half] years. It is clear her addiction is so great she is not able to live in recovery and provide a safe and stable home for her child. [K.H.] is also pregnant.

On November 19, the child was placed in the temporary custody of S.M., a suitable other, who has expressed a willingness to be a long-term care option.

The mother participated in a November 20 substance-abuse evaluation, which resulted in diagnoses of severe levels of use of methamphetamine, alcohol, and marijuana and severe disorders of heroin and cocaine use in sustained remission. Inpatient treatment was recommended for the mother. She did not participate in substance-abuse treatment and was not consistent in participating in DHS services or visiting the child.

In a February 2019 permanency hearing, the court found the mother

> continues to struggle with substance abuse. She has not engaged in treatment since November, 2018. She admitted that she had used illegal substances as recently as February 3, 2019. She has not cooperated with requests for drug testing. As recently as February 8, 2019[,] Brandi Durant spoke with the mother about going to Country Oaks for treatment and the mother refused. The mother is currently pregnant and is unemployed. [DHS] is unaware of her address. She has not had any visits with the child since at least November.

The court ordered DHS to file a termination-of-parental-rights petition.

The mother continued to use illegal substances while she was pregnant with her third child.

At the termination-of-parental-rights hearing on July 9, 2019, the mother testified she had recently given birth and the baby tested positive for marijuana at birth. DHS was allowing the baby to remain in the care of the baby's father, and the mother was able to be with the baby under the father's supervision.[2] She stated she had entered treatment the day before the hearing and asked the court to grant her an extension to seek reunification with C.H.

The juvenile court terminated her parental rights pursuant to Iowa Code section 232.116(1)(e), (h), and (*l*)[3] (2019), concluding termination of parental rights and adoption were in the child's best interests.

On appeal, the mother challenges the juvenile court's conclusions that termination was proper pursuant to Iowa Code section 232.116(1)(e) and (h).[4] However, the mother does not dispute the court's ruling that termination was supported under section 232.116(1)(*l*). *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (stating we do not have to address whether grounds for termination exist where parent does not challenge a ground on which the court relies). We therefore affirm on that ground. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When

---

[2] The baby and C.H. have different fathers.

[3] Pursuant to section 232.116(1)(*l*), the court may terminate parental rights if:
>　　　(1) The child has been adjudicated a child in need of assistance . . . and custody has been transferred from the child's parents for placement . . . .
>　　　(2) The parent has a severe substance-related disorder and presents a danger to self or others as evidenced by prior acts.
>　　　(3) There is clear and convincing evidence that the parent's prognosis indicates that the child will not be able to be returned to the custody of the parent within a reasonable period of time considering the child's age and need for a permanent home.

[4] The mother also argues termination was not proper under section 232.116(1)(b) and (d). However, paragraphs "b" and "d" were relevant only to the court's findings with respect to the father's parental rights.

the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record.").

Nor does the mother challenge the juvenile court's finding that termination of her parental rights is in the child's best interests. We adopt the juvenile court's findings:

> [K.H.] has a severe substance abuse related disorder and presents a danger to herself and others as evidenced by her ingestion of drugs while pregnant. Her prognosis indicates the child could not be returned to her custody within a reasonable period of time. [K.H.] has attended substance abuse treatment programs at the Area Substance Abuse Counsel (ASAC), Center for Alcohol and Drug Services (CADS), Heart of Iowa, High Tower and Rosecrance New Life. She has attended programming at Heart of Iowa on at least seven occasions. [K.H.] also participated in Family Wellness Court but discharged due to lack of compliance. The mother recently gave birth and that child was born with marijuana in his system. Exhibit 47 shows that the mother had an evaluation at Rosecrance New Life on June 24, 2019[,] and they recommended outpatient services. It was the third evaluation she had received since November, 2018. An evaluation completed at Rosecrance New Life on November 20, 2018[,] had recommended inpatient treatment. The mother chose not to attend Heart of Iowa. An evaluation completed at Rosecrance New Life on February 15, 2019[,] also recommended inpatient treatment. The mother again turned down inpatient treatment. The mother testified that she began treatment on July 8, 2019, the day before the termination hearing. It is positive that [she] recognizes her need for treatment, but [C.H.] should not have to keep waiting for her to become a clean, sober caretaker.
>
> The following additional facts have been shown to exist currently. The child has been in a continuous out of home placement for over six months. The child can't be safely returned to the home of either parent now or in the near future.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**